IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02610-BNB

AZIIZ M. BIN GUZMÁN,

Plaintiff,

v.

UNIDENTIFIED B.O.P. OFFICIALS,
RON WILEY, Warden, and
C. GUNTER, Legal Instruments Examiner,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN -7 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff is a prisoner in the custody of the United States Bureau of Prisons (BOP) and currently is incarcerated at USP Florence. Plaintiff initiated this action by filing a *pro se* Prisoner Complaint pursuant to **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971), alleging that his rights under the United States Constitution have been violated. As relief Plaintiff seeks a transfer to the M.C.C. in New York and monetary damages.

The Court must construe the Complaint liberally because Plaintiff is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Hall*, 935 F.2d at 1110. However, the Court should not act as a *pro se* litigant's advocate. *See id.* For the reasons stated below the Complaint and action will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff alleges that on June 18, 1999, when he first was admitted to the BOP and placed at USP Leavenworth, the Judgment and Commitment entered by the sentencing judge was not properly certified. Plaintiff further asserts that when the BOP officials became aware of the improper Judgment and Commitment they filed a Fed. R. Crim. P. 35 motion in the sentencing court, which resulted in an amended judgment and the Judgment and Commitment document to be certified. Plaintiff contends that in 2007 he became aware of the BOP officials' actions and began challenging the invalid judgment through the administrative remedies procedure. Plaintiff further contends that the BOP officials have violated BOP Program Statements 5880.30 and 5100.07 by admitting him to the BOP without a properly certified Judgment and Commitment. He also contends that in 2001, when he was transferred to the federal prison facility in Colorado, without his knowledge, BOP officials utilized a time-barred rule to correct one of his guilty counts and at the same time stamped his Judgment and Commitment as "Verified," which is a fraudulent act and was done just to give the illusion that the Judgment and Commitment was a bonafide legal document.

To the extent that Mr. Guzman is challenging the validity of his sentence, which includes his challenge of the BOP's filing a Rule 35 motion in his criminal case, he must raise the issue with the sentencing court. This Court lacks jurisdiction over Plaintiff's challenges to his federal sentence.

To the extent Plaintiff asserts a violation of his due process rights, the Court finds the claim lacks merit. The Constitution guarantees due process only when a

2

person is to be deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Plaintiff does not allege that he was deprived of life or property as a result of the uncertified Judgment and Commitment document. Therefore, he is entitled to due process only if the failure to certify the Judgment and Commitment implicates a constitutionally protected liberty interest. The existence of a constitutionally protected liberty interest depends upon the nature of the interest asserted. *See Sandin v. Conner*, 515 U.S. 472, 480 (1995). A prisoner is not entitled to any procedural protections in the absence of a grievous loss. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

Plaintiff apparently argues that he has a protected liberty interest in being admitted to the BOP with a certified Judgment and Commitment and to be made aware of any attempts by the BOP to obtain a properly certified Judgment and Commitment. The Court finds that Plaintiff did not incur a grievous loss simply because his Judgment and Commitment was not certified. Furthermore, in *Hovater v. Robinson*, 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993) (citing *Davis v. Scherer*, 468 U.S. 183, 194 (1984)), the Tenth Circuit stated that "a failure to adhere to administrative regulations does not equate to a constitutional violation." Mr. Guzman's claims assert no more than a possible violation of a BOP program statement. The Court, therefore, finds that Plaintiff's due process claim is frivolous. Accordingly, it is

ORDERED that the Complaint and action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel, (Doc. No. 4), filed December 2, 2008, is denied as moot.

DATED at Denver, Colorado, this 7 day of Jan, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02610-BNB

Aziiz M. Bin Guzman
Reg No. 43104-054
ADX - Florence
PO Box 8500
Florence, CO 81226-8500

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/7/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk